```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division
```

UNITED STATES OF AMERICA,  )
                           )
       v.                  )
                           )    1:07cr49 (JCC)
JOHN FALKENSTEIN,          )
                           )
    Defendant.             )

## **M E M O R A N D U M   O P I N I O N**

The matter before the Court is an appeal of the magistrate judge's conviction and sentence of Mr. John Falkenstein ("Defendant") for disorderly conduct by obscene act in violation of 36 C.F.R. § 2.34(a)(2006). After oral argument and a thorough examination of the evidence, this Court will affirm Defendant's conviction and sentence.

### **I. Background**

On January 28, 2005, at approximately 12:55 pm, United States Park Police Officer Patrick Miller was seated in his unmarked police car in Turkey Run Park, a park within the boundaries of the National Park system. Officer Miller viewed Defendant looking through the window at the officer. Defendant had either adjusted his seat to be extremely high or was lifting his groin, and Officer Miller witnessed him masturbating.

Officer Miller approached Defendant and noticed his pants were unzipped with his testicles outside of his pants. Defendant asked the officer "what do you want to do?" Officer Miller identified himself and advised Defendant that he was under

arrest.  In response, Defendant stated "What, for this? This is not such a bad thing."  Defendant denies that he was masturbating and stated that he was only changing his clothes.  Specifically, Defendant claims that he had just washed his car, felt dirty and sweaty, and needed to put on lotion and change his clothes before going back to work.

On April 28, 2005, Defendant appeared before United State Magistrate Judge Liam O'Grady and pled not guilty to the charge of disorderly conduct by obscene act in violation of 36 C.F.R. § 2.34(a)(2006).  The magistrate judge found Defendant guilty and sentenced him to two years limited probation, restricting his ability to enter public parks, a $500 special assessment, and two days in jail.  Defendant appeals this sentence on the grounds that (1) the magistrate held an unfair bias against cases of this type; and (2) his decision was contrary to the bulk of the evidence.

## II.  Standard of Review

In all cases of conviction by a United States magistrate, an appeal of right shall lie from the magistrate's judgment to a judge of the district court.  18 U.S.C. § 3402.  The defendant shall not be entitled to a trial *de novo* by the district court.  The scope of the appeal shall be the same as on an appeal from a judgment of the district court to the court of appeals. Fed. R. Crim. P. 58(g).

In reviewing a decision by a United States Magistrate, a district court must determine whether the evidence supports the finding of guilt beyond a reasonable doubt. On appeal, the district court must determine "whether the finding by the Magistrate is supported by adequate evidence." *United States v. Fletcher*, 344 F. Supp. 332, 335 (E.D. Va. 1972). In addition, the district court is "obliged to accept the findings of fact of the magistrate unless such findings are clearly erroneous." *United States v. Jerge*, 738 F. Supp. 181 (E.D. Va. 1990). "On appeal, evidence is sufficient to sustain a guilty verdict if, construed most favorably to the prosecution, the evidence furnished the trial court sufficient basis to find the defendant guilty beyond a reasonable doubt." *United States v. Williams*, 405 F.2d 14, 17 (4th Cir. 1968). In sum, it is the function of this court to determine on appeal whether the magistrate's decision is supported by adequate evidence and is not clearly erroneous.

### III. Analysis

A.  Sufficiency of the Evidence

The Court will first address Defendant's challenge that the magistrate judge's conviction was based upon insufficient evidence presented at trial. In determining whether sufficient evidence supports a conviction, the appropriate inquiry is whether, taking the evidence in the light most favorable to the

Government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.  *Glasser v. United States*, 315 U.S. 60, 80 (1942).

After reviewing the evidence in the light most favorable to the Government, this Court finds a reasonable trier of fact could have found Defendant guilty beyond a reasonable doubt.  The Court's decision is based upon the grounds that the evidence sufficiently demonstrates that Defendant was committing an obscene act, and that Defendant's account was ultimately unworthy of credence.

First, Defendant's responses to the officer are wholly inconsistent with his account.  Upon being approached by the officer, Defendant asked: "What do you want to do?"  This statement is more akin to a sexual proposition than a response made by someone changing clothes.  Moreover, after being advised that he was under arrest, Defendant responded to the officer: "What, for *this?*  This is not such a bad thing."  Such a response does not make sense if he was truly engaging in completely innocent behavior.  More likely, the statement would reasonably lead a Court to believe that Defendant was in fact masturbating, not changing clothes.

Second, Defendant's convenient "clothes-changing" story lacks credibility.  Defendant claims that he was discretely attempting to change clothes, despite the fact that he was in the

driver's seat, the most observable and most-constrained portion of the vehicle. If his intention truly was to be discrete rather than to masturbate in public, the rear of the vehicle would have provided plenty of room and opportunity for him to change.

Third, upon first being approached by Officer Miller, Defendant stated that he was listening to music, cooling down, and relaxing. Never did he mention that he was changing his clothes, as he argued at trial. This inconsistency further demonstrates the conclusion that Defendant's story was fabricated, and that he was truly masturbating as the officer testified.

Finally, the physical motion accompanying masturbation that Officer Miller observed are unmistakable. Understandably, the magistrate was not persuaded by Defendant's statement that he was only "shaking" lotion out of the tube, so he could apply it before changing clothes.

In taking the evidence in the light most favorable to the Government and drawing reasonable inferences drawn therefrom, Defendant's conviction was clearly supported by sufficient evidence. In bench trials, such as this one, "the judge weighs the evidence, determines the credibility of the witnesses, and finds the facts . . . [and] may select among conflicting inferences to be drawn from the testimony." *United States v. Bales*, 813 F.2d 1289, 1293 (4th Cir. 1997). The magistrate

judge's decision in this case reflects a thorough review, a complete understanding of the evidence, and the ultimate determination of credibility.  This determination was more than sufficiently supported by the evidence, and Defendant's appeal with respect to sufficiency will be denied.

### B.  Bias of the Magistrate Judge

Next, Defendant argues that the magistrate judge had an unfair bias in cases involving sexual acts being performed in public places, and his conviction should be vacated.  Defendant bases this argument upon the magistrate's statements in other criminal cases that day.[1]

---

[1] In sentencing a defendant that had pled guilty to exposing himself publicly, the magistrate stated:

> I've sentenced you not based only on your conduct but also as a deterrent.  I have been to Dangerfield Island and I've been to Turkey Run recently.  I found the conditions there to be appalling in that the conduct going on there has essentially closed the park to someone who wanted to go there to take a walk, and certainly the unsuspecting public would be, I think, greatly upset about what is seen there.  So your six days of incarceration, sir, to be served is both a punishment but its also a deterrent. And I hope that in handing out deterrent sentences, it will have a given effect.  And I hope sooner rather than later. (Trial Tr. I, Apr. 28, 2005).

Also, in sentencing a defendant that had pled guilty for committing an obscene act:

> I know that this is a private act, and perhaps I should have said this earlier this morning when other counsel were here.  But the word gets out and I have taken the opportunity to look at some Internet sites that make it awfully clear what's going on and where activities such as these that I've seen this morning are the most attractive areas to go to.  So I'm confident–if I wasn't confident that the deterrent effect would become known in the community, I would be less likely to impose a deterrent effect.  I am very confident that the deterrent effect, although private to the individuals

Recusals for bias or prejudice are addressed by Title 28, United States Code, Section 455, which states that a judge shall disqualify himself if his impartiality might reasonably be questioned or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455.  The evidence against Mr. Falkenstein, as outlined above, was overwhelming.  The fact that the magistrate was familiar with Turkey Run Park and the activities that may occur there is hardly enough to reasonably call his impartiality into question.  Moreover, the magistrate clearly had no personal knowledge of the only materially disputed fact at trial, that is, whether Defendant was masturbating.  Accordingly, this Court finds that the magistrate judge's remarks did not demonstrate the appearance of bias or prejudice, and Defendant's conviction will be affirmed.

### III. Conclusion

For the foregoing reasons, the Court finds that Defendant's conviction and sentence will be affirmed.

May 15, 2007  _____/s/_____
Alexandria, Virginia             James C. Cacheris
                       UNITED STATES DISTRICT COURT JUDGE

---

who have pled guilty this morning, will get out into the community.